**Electronically Filed**
**Intermediate Court of Appeals**
**28543**
**29-OCT-2010**
**12:33 PM**

NO. 28543

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARK W.S. YOUNG, Plaintiff-Appellant,
vs.
GEORGE W. VAN BUREN, ROBERT G. CAMPBELL,
and CHERYL R.L. KASTER, Defendants-Appellees,
and
JOHN DOE #1, and JOHN DOE #2, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CV. NO. 06-1-0405)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)

Plaintiff-Appellant Mark W.S. Young (Mark) appeals from the April 17, 2007, judgment entered by the Circuit Court of the First Circuit (circuit court)[1] in favor of Defendants-Appellees George W. Van Buren (Van Buren), Robert G. Campbell (Campbell), and Cheryl R.L. Kaster (Kaster) (collectively, Defendants) on all claims alleged in Mark's complaint.

The circuit court granted the summary judgment motions filed by Van Buren and Campbell on the principal ground that neither of them owed a duty to Mark. On appeal, Mark asserts

---

[1] The Honorable Karen S.S. Ahn presided.

that the circuit court erred in granting the summary judgment motions of Van Buren and Campbell and in refusing to continue the hearings on these motions to permit Mark to conduct further discovery.  For the reasons set forth below, we affirm.

I.

A.

This case involves claims filed by Mark, a non-client, against a lawyer who was retained by Mark's mother to prepare amendments to her trust and others who assisted the lawyer.  Mark was dissatisfied with the amendments made to his mother's trust.  The amendments were prepared by Van Buren, the lawyer retained by Mark's mother, with Campbell, who was Van Buren's law partner, serving as a witness and Kaster serving as a notary.

In 1995, Mark's mother, Sharon M.Y. Young (Sharon), created the "Sharon M.Y. Young Revocable Living Trust Agreement" (Trust), which named Sharon as trustee and James Vrechek (Vrechek) as one of the successor trustees.  Sharon, then widowed, had two sons, Mark and Keith W.S. Young.

The original Trust provided that at Sharon's death, the trustee shall pay specific sums to Sharon's half-sister and half-brother and distribute the Trust's residue to Sharon's living children when they reach age forty-five.  The Trust was amended in 2002, but the beneficiaries remained the same.

In June 2004, Sharon retained Van Buren to draft a second Trust amendment.  On June 15, 2004, while in hospice, Sharon executed the second Trust amendment, which removed her half-sister and half-brother as beneficiaries and added specific bequests to four new beneficiaries, with a large sum going to "the Hawaii Sat Sang Society Building Fund aka Eckankar."[2] Sharon's children remained the residuary beneficiaries of the Trust.  Sharon executed the second Trust amendment in the

---

[2] Mark refers to the new beneficiaries as religious advisors and the Hawaii Sat Sang Society as the local branch of the Eckankar Church.

presence of Van Buren, Campbell, and Kaster, and Kaster notarized the document.

Because of a variance between Sharon's full name as typed in the second Trust amendment and her signature, Van Buren prepared a third Trust amendment to eliminate the variance and make another non-material correction. On June 16, 2004, one day after signing the second Trust amendment, Sharon signed the third Trust amendment, which was signed in the presence of Van Buren, witnessed by Campbell, and notarized by Kaster. Sharon died on June 22, 2004, six days after signing the third Trust amendment.

Van Buren and Campbell asserted that Sharon appeared competent and of sound mind when she executed the second and third Trust amendments. Neither Van Buren nor Campbell had known or interacted with any of the newly-added beneficiaries prior to the execution of the second and third Trust amendments.

B.

On July 15, 2005, approximately thirteen months after Sharon's death, Mark filed a petition in probate court in Case No. T-05-1-0001, challenging the second and third Trust amendments (probate petition). The probate petition seeks to invalidate the second and third Trust amendments on grounds including that Sharon lacked the testamentary capacity to execute these Trust amendments and had been subjected to undue influence by Eckankar Church members.

On March 8, 2006, Mark filed the complaint in this case, Civil No. 06-1-0405, in which he basically asserted that Sharon had not been competent to execute the second and third Trust amendments; that Defendants should have known this; and that Defendants breached their duty to protect others against unreasonable risks. Mark's complaint alleged claims against Van Buren, Campbell, and Kaster for negligence, gross negligence, conspiracy, and tortious interference with inheritance expectancy.

Van Buren filed a motion for summary judgment. Van Buren's main argument was that he owed no legal duty to Mark

because Mark was not Van Buren's client and because Mark was not an intended beneficiary of the second or third Trust amendment. Mark filed a memorandum in opposition, arguing that Van Buren's motion should be denied or that alternatively, the hearing on the motion should be continued, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 56(f) (2000), so that Mark could depose Vrechek, the trustee of Sharon's Trust.  In support of Mark's request for a Rule 56(f) continuance, Mark's attorney filed a declaration which stated:

> Plaintiff's counsel has attempted to depose James Francis Vrechek . . . to fully inquire into and confirm information as to his past, his relationship with Plaintiff's mother and the family members, his observations of her condition at hospice, the retention of attorney George Van Buren and his payment therefore, and the trust amendments.

The circuit court denied Mark's request for a continuance and granted Van Buren's motion for summary judgment.

Campbell then filed a motion for summary judgment, which argued that Campbell, as a witness to the third Trust amendment, owed no legal duty to Mark to evaluate or ascertain Sharon's testamentary capacity.[3]  Mark opposed Campbell's summary judgment motion, arguing that it should be denied or alternatively, that the hearing on the motion should be continued so that Mark could depose Campbell, Vrechek, and the new beneficiaries or their associates.  Prior to the hearing on Campbell's motion, Mark's attorney was able to depose Campbell. The circuit court denied Mark's request for a continuance and granted Campbell's motion for summary judgment.

By stipulation of the parties, Mark subsequently dismissed all claims against notary Kaster without prejudice, after which the circuit court entered its judgment against Mark and in favor of Defendants on all claims.  This appeal followed.

---

[3] Campbell was present and observed Sharon execute both the second and third Trust amendments, but he only signed the third Trust amendment as a witness.

II.

On appeal, Mark contends that the circuit court erred in granting summary judgment in favor of Van Buren and Campbell because: 1) the circuit court improperly applied the six-factor balancing test set forth in <u>Blair v. Ing</u>, 95 Hawai'i 247, 21 P.3d 452 (2001), in concluding that Van Buren owed no duty to Mark as a matter of law; 2) Van Buren had a duty to inquire about Sharon's testamentary capacity under Hawai'i Rules of Professional Conduct (HRPC) Rule 1.4; 3) Campbell, in his role as witness to Sharon's testamentary instrument, owed a duty to reasonably ascertain Sharon's testamentary capacity; 4) the circuit court erroneously failed to recognize a cause of action for tortious interference with inheritance expectancy; and 5) the circuit court should have granted Mark's requests to continue the hearings on the summary judgment motions pursuant to HRCP Rule 56(f).[4]

"We review the circuit court's grant or denial of summary judgment de novo." <u>Zane v. Liberty Mut. Fire Ins. Co.</u>, 115 Hawai'i 60, 72, 165 P.3d 961, 973 (2007).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of

---

[4] We decline to review Mark's claim that the circuit court "failed to recognize [that] testamentary gift to religious advisor is presumed product of undue influence under common law." Mark's opening brief does not show, and our review of the record on appeal does not indicate, that he raised this argument before the circuit court. <u>See</u> <u>State v. Moses</u>, 102 Hawai'i 449, 455-56, 77 P.3d 940, 946-47 (2003) (stating that as a general rule, a party that fails to raise an argument in the trial court will be deemed to have waived that argument on appeal). We also decline to review or address Mark's contentions that the circuit court 1) "improperly determined that Probate Court could make [Mark] whole"; and 2) "improperly determined the common law axiom that there no legal wrong without a remedy." Mark does not direct us to where in the record these purportedly erroneous rulings can be found. <u>See</u> Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) (2006) (directing that each point of error shall state "where in the record the alleged error occurred" and "when the point involves a finding or conclusion of the court or agency, a quotation of the finding or conclusion urged as error"); <u>see also</u> <u>State v. Hoang</u>, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) ("[W]e will not presume error from a silent record.").

5

> a cause of action or defense asserted by the parties. The
> evidence must be viewed in the light most favorable to the
> non-moving party. In other words, we must view all of the
> evidence and the inferences drawn therefrom in the light
> most favorable to the party opposing the motion.

Id. at 72-73, 165 P.3d at 973-74 (citations and brackets omitted).

We resolve Mark's contentions on appeal as follows:

A.

The circuit court did not misapply the six-factor test set forth in Blair. In granting Van Buren's motion for summary judgment, the circuit court orally ruled that Van Buren owed no legal duty to Mark and thus Mark could not assert his negligence and gross negligence claims against Van Buren. We agree with this ruling. Van Buren owned no legal duty to Mark. Mark was not Van Buren's client or an intended beneficiary of the second or third Trust amendment, which Van Buren prepared for his client Sharon. In addition, Mark has and was pursuing an alternative remedy to bringing a malpractice lawsuit against Van Buren -- filing a petition in probate court to invalidate the second and third Trust amendments on the ground that his mother was incompetent or was subjected to undue influence when she executed those documents.

For a plaintiff to prevail on a claim of negligence or gross negligence, one of the elements that the plaintiff must prove is that the plaintiff was owed a duty of care by the defendant. See Dairy Road Partners v. Island Ins. Co., 92 Hawai'i 398, 419, 992 P.2d 93, 114 (2000); State v. Bunn, 50 Haw. 351, 358, 440 P.2d 528, 534 (1968). In Blair, the Hawai'i Supreme Court acknowledged that:

> In determining whether or not a duty is owed, we must weigh
> the considerations of policy which favor the [plaintiffs']
> recovery against those which favor limiting the
> [defendants'] liability. The question of whether one owes a
> duty to another must be decided on a case-by-case basis.
> However, we are reluctant to impose a new duty upon members
> of our society without any logical, sound, and compelling
> reasons taking into consideration the social and human
> relationships of our society.

<u>Blair</u>, 95 Hawai'i at 260, 21 P.3d at 465 (internal quotation marks and citations omitted).

In evaluating whether to impose a duty on an attorney to a non-client for malpractice in the estate planning context, the Hawai'i Supreme Court adopted a test which applies the six factors set forth in <u>Lucas v. Hamm</u>, 364 P.2d 685, 687-88 (Cal. 1961). <u>Blair</u>, 95 Hawai'i at 260, 21 P.3d at 465. Under this test, courts are to balance the following "relevant" factors, commonly referred to as the <u>Lucas</u> factors:

> (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him [or her]; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the policy of preventing future harm; and (6) whether imposing liability placed an undue burden upon the legal profession.

<u>Blair</u>, 95 Hawai'i at 254, 260, 21 P.3d at 459, 465.

The Hawai'i Supreme Court emphasized that in applying the <u>Lucas</u> factors, "[t]he class of individuals who may bring a malpractice action is limited to a client's *intended beneficiaries, provided no other remedy exists to prevent future harm.*" <u>Id.</u> at 261, 21 P.3d at 466 (emphasis added).

In this case, it is undisputed that Sharon retained Van Buren to prepare the second and third Trust amendments; that Mark was not Van Buren's client; that the second and third Trust amendments were not drafted to benefit Mark; and that Mark can pursue and has pursued in probate court his claim that the second and third Trust amendments should be invalidated due to Sharon's alleged lack of testamentary capacity and her being subjected to undue influence. Because Mark was not an intended beneficiary of the second or third Trust amendment and because he can challenge the validity of the amendments in probate court, we conclude under the <u>Lucas</u> factors, that Van Buren owed no duty to Mark. Accordingly, the circuit court properly granted summary judgment on Mark's negligence and gross negligence claims against Van Buren. See <u>id</u>; <u>see also</u> <u>Moore v. Anderson Zeigler Disharoon Gallgher & Gray, P.C.</u>, 109 Cal. App. 4th 1287, 1298 (2003)

(concluding that an attorney preparing a will for a client owes no duty to the beneficiary under a previous will to ascertain and document the testamentary capacity of the client).

B.

We also reject Mark's assertion that Van Buren had a duty to Mark to inquire about Sharon's testamentary capacity under HRPC 1.14.[5/] An alleged "[v]iolation of the Rules of Professional Responsibility does not alone give rise to any civil liability." In re Disciplinary Bd. of Hawai'i Supreme Court, 91 Hawai'i 363, 370, 984 P.2d 688, 695 (1999) (citing Preamble, Hawai'i Rules of Professional Conduct, SCOPE & [6]). HRPC Rule 1.14 did not create a duty owed by Van Buren to Mark and thus did not provide a basis for Mark to seek recovery from Van Buren. See HRPC, SCOPE, Paragraph [6].

C.

We conclude that the circuit court properly granted Campbell's motion for summary judgment because Campbell, as a witness to the third Trust amendment, owed no duty to Mark. Mark provides no persuasive authority to support his claim that Campbell owed any duty to Mark in Campbell's role as a witness.

In addition, the settlor of a trust has the power to modify the trust if he or she reserved such power by the terms of the trust. In re Trust Estate of Daoang, 87 Hawai'i 200, 204, 953 P.2d 959, 963 (App. 1998). Sharon's Trust authorized amendments to the Trust to be made "by a writing delivered to the

---

[5/] HRPC Rule 1.14 provides:

 (a) When a client's ability to make adequately considered decisions in connection with the representation is impaired, whether because of minority, mental disability, or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.

 (b) A lawyer may seek the appointment of a guardian or take other protective action with respect to a client, only when the lawyer reasonably believes that the client cannot adequately act in the client's own interest.

Trustee during the Settlor's life." The Trust did not require that amendments to the Trust, to be valid, must be verified by a witness. This provides additional support for the conclusion that Campbell, in his role as a witness to the third Trust amendment, did not owe any legal duty to Mark.

D.

The circuit court did not err in granting summary judgment on Mark's claim of tortious interference with inheritance expectancy. Mark cites no Hawai'i authority that recognizes a claim for tortious interference with inheritance expectancy. The circuit court also did not err in granting summary judgment on Mark's civil conspiracy claim. "[T]here can be no civil claim based upon a conspiracy alone." Ellis v. Crockett, 51 Haw. 45, 57, 451 P.2d 814, 822 (1969). Because the circuit court properly granted summary judgment with respect to Mark's underlying claims for negligence, gross negligence, and tortious interference with inheritance expectancy, Mark lacked any basis to assert civil conspiracy as a cause of action.

E.

The circuit court did not abuse its discretion in denying Mark's requests to continue the hearings on the summary judgment motions pursuant to HRCP Rule 56(f). HRCP Rule 56(f) states:

> **When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"The circuit court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) shall not be reversed absent an abuse of discretion." Assocs. Fin. Servs. of Hawaii, Inc. v. Richardson, 99 Hawai'i 446, 454, 56 P.3d 748, 756 (App. 2002).

1.

With respect to Van Buren's motion for summary judgment, Mark sought an HRCP Rule 56(f) continuance to secure Vrechek's deposition. When a party moves the court pursuant to HRCP Rule 56(f), "the request must demonstrate how postponement of a ruling on the [summary judgment] motion will enable him, by discovery or other means, to rebut the movants' showing of absence of a genuine issue of fact." Wilder v. Tanouye, 7 Haw. App. 247, 253, 753 P.2d 816, 821 (1988) (internal quotation marks and citation omitted); Acoba v. General Tire, Inc., 92 Hawai'i 1, 12, 986 P.2d 288, 299 (1999). The pivotal question in Van Buren's motion for summary judgment was whether Van Buren owned any duty to Mark, which in turn depended on whether Mark was an intended beneficiary of the second or third Trust amendment. Thus to prevail on his request for an HRCP Rule 56(f) continuance, Mark was required to demonstrate how Vrechek's deposition would enable him to rebut Van Buren's showing that Mark was not an intended beneficiary of the second or third Trust amendment.

Mark's asserted justification for his need to depose Vrechek was inadequate to support a continuance under HRCP Rule 56(f). In particular, Mark provided no basis for believing that Vrechek's deposition would yield information that would demonstrate that Mark was an intended beneficiary of the second or third Trust amendment. See Assocs. Fin. Servs. Co. of Hawaii, 99 Hawai'i at 454, 56 P.3d at 756 (upholding the denial of a request for a continuance under HRCP Rule 56(f) because "[n]owhere in [appellant's] declaration did [appellant] demonstrate how the requested continuance would enable him through obtained discovery to rebut [appellee's] showing of absence of a genuine issue of fact"); Cont'l Mar. of San Francisco, Inc. v. Pac. Coast Metal Trades Dist. Council, 817 F.2d 1391, 1395 (9th Cir. 1987) (holding that a party seeking a continuance under Federal Rules of Civil Procedure (FRCP) Rule

10

56(f), "bears the burden to show what *specific facts it hopes to discover that will raise an issue of material fact*"); <u>Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.</u>, 353 F.3d 1125, 1129 (9th Cir. 2004) (concluding that to prevail under FRCP Rule 56(f), the party requesting a continuance must demonstrate "some basis for believing the information sought actually exists")[6] Under these circumstances, the circuit court did not abuse its discretion in denying Mark's HRCP Rule 56(f) request for a continuance.[7]

2.

With respect to Campbell's motion for summary judgment, Mark sought a HRCP Rule 56(f) motion to secure the depositions of Campbell, Vrechek, and the new beneficiaries or their associates. However, Mark did not support his request for a continuance by demonstrating how these depositions would enable him to rebut Campbell's showing that Campbell owed no duty to Mark. In addition, Campbell's deposition was taken before the hearing on Campbell's motion for summary judgment, thereby eliminating the securing of Campbell's deposition as a basis for the continuance. We conclude that the circuit court did not abuse its discretion in denying Mark's HRCP Rule 56(f) motion with respect to Campbell.

---

[6] When <u>Cont'l Mar. of San Francisco</u> and <u>Clorox</u> were decided, the version of FRCP Rule 56(f) then in effect was identical to the current version of HRCP Rule 56(f). "Where a Hawai'i rule of civil procedure is identical to the federal rule, the interpretation of this rule by federal courts is highly persuasive." <u>E.g.</u>, <u>Dejetley v. Kaho'ohalahala</u>, 122 Hawai'i 251, 270, 226 P.3d 421, 440 (2010) (internal quotation marks and citation omitted).

[7] We note that while parties should have a fair opportunity to conduct adequate discovery, the continuance of a hearing on a summary judgment motion cannot be based on the need to conduct a "fishing expedition." <u>See Akaka v. Yoshina</u>, 84 Hawai'i 383, 389, 935 P.2d 98, 104 (1997).

III.

For the foregoing reasons, we affirm the April 17, 2007, judgment of the circuit court.

DATED: Honolulu, Hawai'i, October 29, 2010.

On the briefs:

Mark W.S. Young
Plaintiff-Appellant Pro Se

Keith K. Hiraoka
(Roeca, Louie & Hiraoka)
for Defendants-Appellees
GEORGE W. VAN BUREN and
ROBERT G. CAMPBELL

Chief Judge

Associate Judge

Associate Judge

12